COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


EMMANUEL PHIL WEST
                                                OPINION BY
v.    Record No. 1405-00-1              JUDGE NELSON T. OVERTON
                                                JULY 24, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Edward L. Hubbard, Judge

          David Redden for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Emmanuel West, appellant, appeals his felony conviction of

possessing cocaine with the intent to distribute, in violation

of Code § 18.2-248.  The sole issue on appeal is whether the

trial court erred by denying appellant's motion to suppress the

evidence obtained as the result of a search.  Finding that

appellant was improperly searched, we reverse the judgment of

the trial court, and we dismiss the indictment.

                              FACTS

     While on patrol, Detectives Polak and Womack were stopped

at a traffic light next to appellant's station wagon.  They

noticed the vehicle had thirty-day tags, the information on

which was omitted or obscured.  The officers followed appellant

while attempting to better observe the license plates when

appellant made a turn without signaling.  After appellant made a second turn without using his signal, appellant parked the car.

Polak approached the car and asked appellant for his operator's license.  Appellant stated he did not have a license and provided a Virginia identification card.  After Polak confirmed appellant was not licensed, Polak asked appellant to get out of the car.  Polak placed appellant in handcuffs and informed him he was under arrest for driving without a license.  Polak was filling out the summonses for driving without a license and failing to signal a turn when he noticed a bulge in appellant's right shoe.  Polak immediately looked under the flap of the shoe and found the bag of crack cocaine.

Polak testified he was in the process of determining whether appellant had any history of failure to appear in court when he noticed the bulge.  He testified he normally would issue summonses for the two initial offenses, but he was going to the magistrate to get a warrant for the felony and the magistrate would decide whether to release appellant on summonses.

ANALYSIS

The General Assembly expressed its preference for the issuance of a summons in lieu of an arrest warrant for most misdemeanor cases by enacting Code § 19.2-74.  Code § 19.2-74, in pertinent part, provides:

> Whenever any person is detained by or is in the custody of an arresting officer for any violation committed in such officer's

presence which offense is a violation of any county, city or town ordinance or of any provision of this Code punishable as a Class 1 or Class 2 misdemeanor or any other misdemeanor for which he may receive a jail sentence, except as otherwise provided in Title 46.2, or § 18.2-266, or an arrest on a warrant charging an offense for which a summons may be issued, and when specifically authorized by the judicial officer issuing the warrant, the arresting officer shall take the name and address of such person and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such summons or notice. Upon the giving by such person of his written promise to appear at such time and place, the officer shall forthwith release him from custody. However, if any such person shall fail or refuse to discontinue the unlawful act, the officer may proceed according to the provisions of § 19.2-82.

Anything in this section to the contrary notwithstanding, if any person is believed by the arresting officer to be likely to disregard a summons issued under the provisions of this subsection, or if any person is reasonably believed by the arresting officer to be likely to cause harm to himself or to any other person, a magistrate or other issuing authority having jurisdiction shall proceed according to the provisions of § 19.2-82.

    *     *     *     *     *     *     *

Any person refusing to give such written promise to appear under the provisions of this section shall be taken immediately by the arresting or other police officer before a magistrate or other issuing authority having jurisdiction, who shall proceed according to provisions of § 19.2-82.

This preference also applies to Class 3 and 4 misdemeanors.

Code § 19.2-74(A)(2). Code § 46.2-936 parallels Code § 19.2-74

in reiterating the preference for issuance of a summons with regard to violations of the Motor Vehicle Code.[1]

Code §§ 19.2-74 and 46.2-936 mandate that the arresting officer "shall" issue a summons in the absence of an express exception to the statutes, or a reasonable belief that the person arrested will fail to appear in court on his or her promise or fails to discontinue the unlawful act. Polak stopped appellant for failing to signal a turn in violation of Code § 46.2-848, a traffic infraction, and subsequently discovered appellant was also in violation of Code § 46.2-300, for driving without a valid operator's license, a Class 2 misdemeanor. Neither of these offenses fall under any exception directing a suspect to be taken directly to a magistrate. Appellant stopped the car before Polak approached him, and Polak had already started the paperwork to have the car towed. Therefore, appellant ceased the unlawful behavior. Further, Polak did not obtain any information to suggest appellant would not appear in court upon his promise. Accordingly, Code §§ 19.2-74 and 46.2-936 required Polak to issue summonses for the offenses.

In Knowles v. Iowa, 525 U.S. 113 (1998), the United States Supreme Court declined to expand the search incident to arrest exception to the Fourth Amendment prohibition against warrantless searches. Unless either of the two historical

---

[1] Code § 46.2-937 directs that "[f]or purposes of arrest, traffic infractions shall be treated as misdemeanors."

- 4 -

rationales for the exception arise in a specific situation, i.e., "(1) the need to disarm the suspect in order to take him into custody, and (2) the need to preserve evidence for later use at trial," id. at 487, the Court held there is no search incident to citation exception. Id. at 488. See also Lovelace v. Commonwealth, 258 Va. 588, 596, 522 S.E.2d 856, 860 (1999) ("After Knowles, an 'arrest' that is effected by issuing a citation or summons rather than taking the suspect into custody does not, by itself, justify a full field-type search."); Rhodes v. Commonwealth, 29 Va. App. 641, 645, 513 S.E.2d 904, 906 (1999).

The Commonwealth nevertheless argues that Polak had probable cause to believe appellant committed a Class 2 misdemeanor, a jailable offense, and that appellant was in the posture of a custodial arrest, and, therefore, the search was not unreasonable. Code §§ 19.2-74 and 46.2-936 specifically require the issuance of a summons in lieu of a custodial arrest regardless of the classification of the misdemeanor offense. The officer is directed to take the name and address of the suspect, obtain his or her promise to appear, and release the suspect unless the facts warrant otherwise.

That Polak had not yet determined whether appellant had any history of failure to appear in court and had not decided whether he should take appellant to the magistrate for a warrant, is also of no import. Polak was operating under the

preference for the issuance of a summons, without evidence to merit going to the magistrate, when he observed the bulge and retrieved the cocaine.  In the absence of a particularized concern about a weapon or need to collect evidence for the charged offenses, the officer was not authorized to conduct a full search incident to the "arrest" by summons or citation. Farrow v. Commonwealth, 31 Va. App. 517, 520-21, 525 S.E.2d 11, 13 (2000).  The bulge in appellant's shoe raised neither a concern for safety nor preservation of evidence.

The Commonwealth also argues Polak testified he was going to take appellant to the magistrate in any event.  However, the record reflects Polak intended to go to the magistrate because he found the cocaine, not because he had any indication appellant would not appear or that he was a threat to himself or others.  The officer admitted he would normally release a person upon his signature for these offenses assuming none of the exceptions applied.  "Only if [appellant] had failed or refused to discontinue the act [or Polak had reason to believe appellant would not appear or was a threat to himself or others] could the officer have effected a custodial arrest and taken [appellant] before the magistrate."  Lovelace, 258 Va. at 596, 522 S.E.2d at 860.[2]

_____

[2] The recent United States Supreme Court decision of Atwater v. Lago Vista, 121 S. Ct. 1536, 1557 (2001) (holding "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he

Polak had no reason, at the point he searched appellant, to believe appellant was not going to appear in court on his promise, nor did he believe appellant was a threat to himself or others. Appellant had not refused to discontinue his unlawful acts. The bulge in the shoe did not raise any concerns about the officer's safety, nor did Polak believe the bulge would provide evidence in reference to the initial offenses. Appellant was not then subject to detention for any other offense or suspected offense. Virginia law contains a clear preference for summonses, and Polak was required to issue a summons or citation for the offenses. "[T]he officer conducted a 'search incident to citation' which in the absence of one of the two [historical rationales] was unreasonable under the Fourth Amendment." Rhodes, 29 Va. App. at 646, 513 S.E.2d at 906.

For the above stated reasons, the judgment of the trial court is reversed, and the indictment charging possession with the intent to distribute cocaine is dismissed.

Reversed and dismissed.

---

may, without violating the Fourth Amendment arrest the offender"), does not apply in this case. In Atwater, the relevant Texas law expressly allowed for the custodial arrest of persons violating a traffic offense and gave discretion to the arresting officer to issue a citation in lieu of arrest.