## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Charles Edward Hooks

December 11, 2002

Case No. (Criminal) 102198

BY JUDGE R. TERRENCE NEY

This matter came before the Court on November 9, 2002, on Defendant Charles Edward Hooks' Motion to Suppress.

*Facts*

On March 21, 2002, the Fairfax County Police Department conducted a traffic stop of a vehicle driven by Defendant Charles Edward Hooks. Hooks was issued two summonses, one for driving while suspended and the other for possessing an open container of alcohol. After the summonses were issued, Hooks was transported to the Reston Police Sub-Station. No narcotics were found on Hooks' person or in his vehicle. Shortly after the traffic stop, the police conducted a search of Hooks' home pursuant to a search warrant on a matter not related to the traffic stop.

While in police custody, Hooks made incriminating statements. Hooks was later transported to his house where he made more incriminating statements.

*Discussion*

The issue presented is whether the detention of Defendant Hooks during a routine traffic stop constituted an unlawful seizure.

Virginia is a summons jurisdiction. *West v. Commonwealth*, 36 Va. App. 237, 242, 549 S.E.2d 605, 607 (2001). After a summons has been issued to an individual, the "officer shall forthwith release him from custody." Va. Code Ann. § 19.2-74 (2002). An officer may detain a suspect, however, to conduct a brief investigation, if the police officer has reasonable suspicion that the individual is engaging in or is about to engage in criminal activity. *McGee v. Commonwealth*, 25 Va. App. 193, 202, 487 S.E.2d 259, 263 (1997) (referring to *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968)).

There is no evidence to suggest that Hooks was engaging in or about to engage in illegal activity when the police pulled him over and subsequently detained him. The Court finds this case to be factually similar to *Watson v. Commonwealth*, 19 Va. App. 659, 454 S.E.2d 358 (1995). In *Watson*, the defendant was pulled over and detained by police officers while other officers searched the defendant's apartment. *Id.* The *Watson* Court found that the officers lacked reasonable suspicion to detain the defendant. *Id.* at 662. The *Watson* Court also found that the defendant had been illegally seized and thus any evidence derived as a result of that seizure was subject to suppression. *Id.*

As with the defendant in *Watson*, Hooks was detained while police officers searched his home. During the Hooks traffic stop, no evidence that warranted detention was found. Moreover, Hooks' activities provided no indicia of criminal behavior sufficient to warrant his being detained. Additionally, a "reasonably prudent person" in Hooks' position would not believe that he or she was free to leave. *Id.* at 663.

The factual similarities to *Watson* notwithstanding, the Commonwealth attempts to avoid the constitutional implications of the unwarranted detention and instead asserts that the police's failure to release Hooks after issuing him a summons amounts to nothing more than a possible statutory violation for which exclusion is not the appropriate remedy. *See Commonwealth's Opposition to Defendant's Motion to Suppress*. Specifically, the Commonwealth argues that the police's failure to release Hooks amounts only to a violation of § 19.2-74 (failure to release defendant after issuance of a summons), or at a minimum, a violation of § 19.2-82 (failure to bring defendant forthwith to a magistrate). The Commonwealth asserts that for such violations, suppression of subsequent statements made by the defendant is not the appropriate remedy, citing *Frye v. Commonwealth*, 231 Va. 370, 345

S.E.2d 267 (1986); *Horne v. Commonwealth*, 230 Va. 512, 339 S.E.2d 186 (1986); *Hart v. Commonwealth*, 221 Va. 283, 269 S.E.2d 806 (1980).

The Commonwealth's argument is without merit. The Court finds that the police lacked probable cause and any reasonable suspicion that Hooks was engaging in or about to engage in illegal activity warranting his detention. As such, the Court finds that the police's detention of Hooks constituted an unlawful seizure and hence a violation of Hooks' Fourth Amendment rights, thereby requiring exclusion of Hooks' statements made during his unlawful detention.[1] Any other result would be meaningless — a mere technical violation of a statute when the *results* of that violation implicate a person beyond the redress of acknowledgement of a statutory error. The Fourth Amendment is fully involved.

## Conclusion

After a summons has been issued to an individual, absent other circumstances — none of which were present here — he or she should be free to go. The Fairfax County Police lacked reasonable suspicion that Hooks was engaging in any illegal activity. Therefore, Hooks' detention was an illegal seizure and any statements made by Hooks while illegally detained must be suppressed.

---

[1] The exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally" and not "a personal constitutional right of the party aggrieved." *Illinois v. Gates*, 462 U.S. 213, 223, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983), citing *United States v. Calandra*, 414 U.S. 338, 348, 38 L. Ed. 2d 561, 94 S. Ct. 613 (1974).

*Order*

This matter came before the Court on November 9, 2002, pursuant to Defendant's Motion to Suppress those statements made by the Defendant while in police custody. For the reasons stated in this Court's opinion letter dated December 11, 2002, which is made a part hereof, the Motion is granted.