COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Kelsey and Senior Judge Willis
Argued at Richmond, Virginia


JIHAD ABDUL FOX

v.        Record No. 2037-03-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE JERE M.H. WILLIS, JR.
JULY 6, 2004


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Walter W. Stout, III, Judge

Michael E. Hollomon for appellant.

Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


On appeal from his convictions of possession of cocaine and possession of a firearm while

in possession of cocaine, Jihad Fox contends the trial court erred in denying his motion to

suppress. He argues that he was taken into custody in violation of Code § 19.2-74 and that the

contraband seized during the search incident to that custodial arrest should have been suppressed.

We affirm the judgment of the trial court.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

On January 13, 2003, Officers Richard Lloyd and Sharon Powell were on patrol in a high

crime area when they observed Fox pacing on the sidewalk behind a hedge adjacent to a parking lot.

As Lloyd exited his marked police vehicle, Fox ran toward a nearby alley. The officers pursued

him. Fox produced from the front of his body a handgun, which he threw behind a dumpster as he

continued running. Lloyd apprehended Fox a short distance from the alley and arrested him for carrying a concealed weapon in violation of Code § 18.2-308, a Class 1 misdemeanor. Powell retrieved the handgun. She observed that the serial number on the handgun had been obliterated in violation of Code § 18.2-311.1, also a Class 1 misdemeanor. Lloyd searched Fox at the scene incident to the arrest, but recovered no evidence. He took Fox into custody and transported him to the police station, where a further search of his person produced the cocaine underlying the subject convictions.

## ANALYSIS

Fox does not contest his initial detention, the search of his person incident to that detention, or the seizure of the handgun. However, in his motion to suppress, Fox argued that Code § 19.2-74 required that he be issued a summons and released after his initial detention. He argued that his transportation to the police station and his search there violated Code § 19.2-74 and the Fourth Amendment, requiring suppression of the cocaine discovered in that search. See West v. Commonwealth, 36 Va. App. 237, 242, 549 S.E.2d 605, 607 (2001). We hold that Fox's custodial arrest and transportation to the police station complied with Code § 19.2-74 and that the search of his person incident to that arrest was lawful.

Code § 19.2-74 provides, in pertinent part:

> Whenever any person is detained by or is in the custody of an arresting officer for any violation committed in such officer's presence which offense is a violation of . . . any provision of this Code punishable as a Class 1 or Class 2 misdemeanor . . . the arresting officer shall take the name and address of such person and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such summons or notice. Upon the giving by such person of his written promise to appear at such time and place, the officer shall forthwith release him from custody. However, if any such person shall fail or refuse to discontinue the unlawful act, the officer may proceed according to the provisions of § 19.2-82.

Anything in this section to the contrary notwithstanding, if any person is believed by the arresting officer to be likely to disregard a summons issued under the provisions of this subsection, or if any person is reasonably believed by the arresting officer to be likely to cause harm to himself or to any other person, a magistrate or other issuing authority having jurisdiction shall proceed according to the provisions of § 19.2-82.

Fox argues that the "is believed" and "is reasonably believed" language in the statutory exclusion of the summons requirement invokes the application of a wholly subjective test. He argues that for the exclusion to apply, the police officer must testify to a personal belief in the statutory circumstances as distinguished from producing evidence supporting that belief. He further argues that "[t]here is simply no evidence on the record to justify a determination that Officer Lloyd reasonably believed that the defendant was likely to disregard the summons or that he was a danger to himself or others." In its ruling, the trial court noted "that it is both a subjective and objective standard. The officer must reasonably believe that either the person will not appear or will be a danger to the community." We hold that although the statute refers to predictive estimation of the accused person's future conduct, the standard for determining satisfaction of the statute is objective, whether evidence supports a reasonable belief that the statutory circumstances obtain.

The language used in Code § 19.2-74 is substantially similar to language used in probable cause cases where an objective test is routinely employed.

Probable cause . . . turns only on "'objective facts,' not the 'subjective opinion' of a police officer." As a result, "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." Wren v. United States, 517 U.S. 806, 813 (1996) (citation omitted).

Slayton v. Commonwealth, 41 Va. App. 101, 109, 582 S.E.2d 448, 451 (2003) (citation omitted).

Thus, it is well established that "[p]olice actions are to be tested 'under a standard of objective

reasonableness without regard to the underlying intent or motivation of the officers involved.'" Limonja v. Commonwealth, 8 Va. App. 532, 537-38, 383 S.E.2d 476, 480 (1989) (quoting Scott v. United States, 436 U.S. 128, 138 (1978) (footnote omitted)). This rule provides a firm and fair framework governing imposition on the personal freedom of suspects and is obviously far preferable to a system based on the suppositions of individual officers. Whether the officer actually believed that the statutory circumstances obtained is immaterial. Because the circumstances supported such a belief, the statutory exclusion of Code § 19.2-74 was satisfied and the custodial arrest was proper.

Fox relies on our decision in West, in which we reversed the trial court's denial of a motion to suppress based upon the argument that the police improperly searched West in violation of Code § 19.2-74. Importantly in West, we held that the arresting officer "had no reason, at the point he searched appellant, to believe appellant was not going to appear in court on his promise, nor did he believe appellant was a threat to himself or others. Appellant had not refused to discontinue his unlawful acts." West, 36 Va. App. at 242, 549 S.E.2d at 607. In contrast, at the time Lloyd decided to transport Fox to the police station, he had reason to believe Fox was both a flight risk and a danger to others.

Although Lloyd did not specifically testify that he conducted the full custodial arrest because he believed Fox would not appear or was a danger to himself or others, the evidence fully supports such a belief. The trial court found "the defendant took flight immediately and [this] would indicate his unwillingness to acquiesce in any proceeding by fleeing at this time. So the officer could reasonably believe that he would not show up for court because of that." The trial court further noted that "having the weapon is a strong indication that he could do harm to others . . . ." The serial number on Fox's weapon had been obliterated. The trial court reasoned that

- 4 -

"[t]here is no reason to do that unless the gun . . . is being held for a purpose other than a legal purpose. . . . This gives the Court a strong indication that the weapon was being used for unlawful purposes." Based on this evidence, the trial court concluded that "the officer had a subjective belief that this individual would not . . . show up or would be a danger to the community." Finding this belief objectively reasonable, the court denied Fox's motion to suppress. Whether the officer actually held that belief is immaterial. Because the circumstances supported such a belief, the statutory exclusion of Code § 19.2-74 was satisfied and the custodial arrest was proper.

We affirm Fox's convictions.

Affirmed.