COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Kelsey and McClanahan
Argued at Richmond, Virginia


HATARI DEMON ROSS

                                                MEMORANDUM OPINION* BY
v.      Record No. 0342-04-2                    JUDGE D. ARTHUR KELSEY
                                                DECEMBER 28, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Bradley B. Cavedo, Judge

            W. Edward Riley, IV (Boone, Beale, Cosby & Long, on brief),
            for appellant.

            Josephine F. Whalen, Assistant Attorney General (Jerry W.
            Kilgore, Attorney General, on brief), for appellee.


        The trial court found Hatari D. Ross guilty of possession of cocaine. On appeal, Ross

claims the trial court should have suppressed incriminating evidence found during the search

incident to his arrest. Finding no error, we affirm the trial court.

                                            I.

        On appeal from a denial of a suppression motion, we examine the evidence in the light

most favorable to the Commonwealth, giving it the benefit of all reasonable inferences. Medley

v. Commonwealth, 44 Va. App. 19, 24, 602 S.E.2d 411, 413 (2004) (*en banc*); Slayton v.

Commonwealth, 41 Va. App. 101, 103, 582 S.E.2d 448, 449 (2003).

        While patrolling Gilpin Court, a housing project owned by the Richmond Redevelopment

and Housing Authority (RRHA), Officer Jonathan Davis arrested Ross for trespassing. At

Ross's trial in the juvenile and domestic relations district court, Judge David Eugene Cheek, Sr.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

dismissed the charge but, in open court, specifically "ordered Mr. Hatari Ross to stay off the RRHA property, Gilpin Court." Authorized by the RRHA to issue no-trespassing warnings to specific individuals, Officer Davis likewise ordered Ross to keep off the property.

About three weeks later, Officer Davis saw Ross at "the same spot" where he had been arrested before. It was one of the "well known drug areas" in the project. "No Trespassing" signs were posted throughout. Having been in the courtroom during the earlier trial when Judge Cheek banned Ross from this property, Officer Davis approached Ross intending to place him under arrest for trespass. When Davis attempted to detain Ross, he struggled in an effort "to break away." At that point, Davis "took him down on the ground and handcuffed him." Davis then searched Ross and found on him a small bag of cocaine and a crack pipe.

At trial, Ross moved to suppress the evidence on the ground that Officer Davis had no authority to arrest him. Officer Davis testified that he arrested Ross because he would likely be right "back on the property" if Davis simply handed him a summons. Having willfully disregarded a judge's direct order, Davis reasoned, Ross would hardly be motivated into compliance by a mere summons. The trial court found Officer Davis's testimony credible, concluding "it was within the officer's discretion under the facts of this case where he observed a repeat offense by Mr. Ross of the trespass to make a custodial arrest if he chose to do so." Because the "the arrest was legal under the circumstances," the court held, the "search subsequent to arrest was a valid search."

## II.

We begin by framing precisely the question on appeal. Ross does not argue that the search violated the Fourth Amendment because Officer Davis had no *constitutional* authority to arrest him. He concedes probable cause existed to support a charge of trespassing. See generally Atwater v. Lago Vista, 532 U.S. 318, 354 (2001) (holding that, so long as probable cause exists,

the Constitution does not forbid custodial arrests for even minor misdemeanors punishable only by a fine). Instead, Ross claims Officer Davis violated Code § 19.2-74 by arresting him instead of merely issuing a summons. This violation of state arrest law, Ross contends, triggers the exclusionary rule of Knowles v. Iowa, 525 U.S. 113, 116 (1998) (holding search-incident-to-arrest doctrine inapplicable when an officer merely issues a summons to a suspect, but does not arrest him),[1] as applied by our decision in Hunt v. Commonwealth, 41 Va. App. 404, 585 S.E.2d 827 (2003) (extending Knowles to situations where an officer arrests a suspect in violation of Code § 19.2-74).[2] We need not address Ross's exclusionary rule argument because we find, like the trial court, no predicate violation of state arrest law.

Code § 19.2-74(A)(1) provides that, under ordinary circumstances, individuals accused of most Class 1 and 2 misdemeanors should be temporarily taken into custody and then released on a summons. In this sense, "an individual can be in 'custody' even when a formal arrest will not follow." White v. Commonwealth, 267 Va. 96, 104, 591 S.E.2d 662, 667 (2004); see also Smith

---

[1] See also Lovelace v. Commonwealth, 258 Va. 588, 594-95, 522 S.E.2d 856, 859 (1999) (agreeing with appellant's argument "that the search of his person violated the Fourth Amendment because he was not subject to a custodial arrest" but was nevertheless searched as if he had been arrested); West v. Commonwealth, 36 Va. App. 237, 240-42, 549 S.E.2d 605, 606-07 (2001) (holding that a search conducted while the officer was "filling out the summonses" could not be justified as a search incident to a custodial arrest); Farrow v. Commonwealth, 31 Va. App. 517, 521, 525 S.E.2d 11, 13 (2000) (finding that search during a temporary detention of suspect, while the officer escorted the suspect to the "security room" to obtain the officer's "summons book," did not constitute a search incident to a custodial arrest); Rhodes v. Commonwealth, 29 Va. App. 641, 642, 513 S.E.2d 904, 905 (1999) (en banc) (holding a search during temporary detention preceding an intended "release . . . on a summons" did not constitute a valid search incident to custodial arrest).

[2] By an evenly divided vote, the en banc Court vacated the Hunt panel opinion cited by Ross. Hunt v. Commonwealth, 42 Va. App. 537, 592 S.E.2d 789 (2004) (en banc). The Virginia Supreme Court affirmed our en banc holding by per curiam opinion. Hunt v. Commonwealth, No. 040614, slip op. at 1 (Oct. 8, 2004) ("Assuming, without deciding, that a violation of Code § 19.2-74 occurred, the defendant failed to establish that he was entitled to suppression of the evidence obtained as a result of the search. In the absence of a violation of a defendant's constitutional rights, the remedy of exclusion of evidence is not available for a statutory violation.").

v. Commonwealth, 30 Va. App. 737, 742, 519 S.E.2d 831, 833 (1999) ("Code § 19.2-74 clearly permits an officer to detain an alleged violator or take the alleged violator into custody long enough to issue a summons.").

The individual need not be released from temporary custody, however, if he refuses to sign the summons promising to appear or if he poses a threat of harm to himself or others. Code § 19.2-74(A)(1) & (A)(3). Nor must an officer release an individual if the officer has "a reasonable belief that the person arrested will fail to appear in court on his or her promise or fails to discontinue the unlawful act." West v. Commonwealth, 36 Va. App. 237, 240, 549 S.E.2d 605, 606 (2001). When an officer decides that a "statutory exclusion" to a summons release applies, we review that exercise of discretion under an objective test — limiting our inquiry to the question "whether evidence supports a reasonable belief that the statutory circumstances obtain." Fox v. Commonwealth, 43 Va. App. 446, 450, 598 S.E.2d 770, 771 (2004).

In this case, Ross had been ordered by Judge Cheek in open court to stay off the housing authority property. Acting on behalf of the RRHA, Officer Davis issued a separate order to Ross forbidding any continuing trespass. Yet, within three weeks, Ross was found at the same spot in a high-drug area of the project. He struggled to break away from Officer Davis, requiring Davis to take him down to the ground and forcibly place him in handcuffs. See Smith, 30 Va. App. at 743, 519 S.E.2d at 833 ("The officers, therefore, were entitled to arrest her when it was apparent that she would not cooperate."). Given these circumstances, Officer Davis had ample reason to believe Ross would disregard a mere summons — just as he had a direct order from Judge Cheek, a separate order from Davis, and any number of "No Trespassing" signs — and be back on the property soon after Officer Davis's departure.

For these reasons, the trial court did not err in denying Ross's suppression motion. In arresting Ross, Officer Davis acted within the discretion afforded him under Code § 19.2-74(A)(1).

<u>Affirmed.</u>