ELDER, J.,
joined by FITZPATRICK, C.J., BENTON and FRANK, JJ., concurring, in part, and dissenting, in part.
I join in the majority’s recitation of the facts and its conclusion in Part II. A that David Lee Moore’s arrest violated the express provisions of Code § 19.2-74. However, I disagree with the majority’s conclusion that this statutory violation did not rise to a constitutional violation under the facts of this case. I would hold that the decision in Knowles v. Iowa, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998), compels the conclusion that the search incident to the unlawful custodial arrest was unreasonable under the Fourth Amendment. Thus, I would reverse and dismiss the indictment, and I respectfully dissent from the judgment.
As the United States Supreme Court explained in Knowles, the Fourth Amendment places limitations on searches conducted incident to issuance of a citation. In Knowles, an Iowa police officer stopped Knowles for speeding and, as permitted by statute, exercised his discretion to issue Knowles a citation rather than arrest him. Id. at 114, 119 S.Ct. at 486. After issuing the citation, the officer conducted a full search of Knowles’s car, found a bag of marijuana and a “pot pipe” under the driver’s seat, and arrested Knowles for offenses related to his possession of that contraband. Id. The Supreme Court considered whether conducting a full search of Knowles’s vehicle pursuant to the issuance of a traffic citation was consistent with the Fourth Amendment and concluded that it was not. Id.
According to the Supreme Court, “two historical rationales [exist] for the ‘search incident to arrest’ exception [to the Fourth Amendment]: (1) the need to disarm the suspect in order to take him into custody, and (2) the need to preserve *71 evidence for later use at trial.” Id. at 116, 119 S.Ct. at 487. It “recognized that ‘[t]he danger to the police officer flows from the fact of the arrest, and its attendant proximity, stress, and uncertainty, and not from the grounds for arrest.’ ” Id. at 117, 119 S.Ct. at 488 (quoting United States v. Robinson, 414 U.S. 218, 234 n. 5, 94 S.Ct. 467, 476 n. 5, 38 L.Ed.2d 427 (1973)). The Court determined in Knowles that neither rationale was present and refused to extend the “search-ineidentto-arrest” exception to permit searches incident to the issuance of citations. Id. at 118-19, 119 S.Ct. at 488. The Court held that “officers have other, independent bases to search for weapons and protect themselves from danger,” including the ability to “perform a ‘patdown’ of [the detainee] upon reasonable suspicion that [he] may be armed and dangerous.” Id. at 117-18, 119 S.Ct. at 488 (citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).
The Virginia Supreme Court addressed a similar issue in Lovelace v. Commonwealth, 258 Va. 588, 522 S.E.2d 856 (1999). Lovelace and several other men were drinking beer while standing in the parking lot of a convenience store known to be an “open air drug market.” Id. at 591, 522 S.E.2d at 857. Officers in the area saw a beer bottle fly through the air but did not see who threw it. Id. One officer testified that the bottle came from the area where Lovelace was standing. Id. Lovelace and the other men were ordered to lie face down on the ground. Id. An officer approached Lovelace and asked him his name. Id. Lovelace identified himself but remained silent when the officer asked him whether he had any drugs or guns. Id. The officer proceeded to “pat down” Lovelace. Id. In Lovelace’s pocket, he felt something like a plastic bag with lumps in it, but he did not know what was in the bag. Id. at 591-92, 522 S.E.2d at 857. The officer nevertheless reached in Lovelace’s pocket and retrieved the bag. Id. at 592, 522 S.E.2d at 857. The substance was later identified as crack cocaine. Id.
In reversing Lovelace’s conviction, the Court said:
Knowles is applicable.... [T]he initial reason for detaining Lovelace was his alleged commission of a Class 4 misde *72 meanor for which the issuance of a summons was authorized under Code § 19.2-74(A)(2). Only if Lovelace had failed or refused to discontinue the unlawful act could the officer have effected a custodial arrest and taken the defendant before a magistrate. Code § 19.2-74(A)(2). However, there is no evidence in the record that Lovelace acted in such a manner. The fact that the officers could have issued only a summons for the alcohol-related offense also negates the Commonwealth’s argument that the existence of probable cause to charge Lovelace with drinking an alcoholic beverage in public allowed [Deputy] Womack to search him. After Knowles, an “arrest” that is effected by issuing a citation or summons rather than taking the suspect into custody does not, by itself, justify a full field-type search.
Nor do we believe that Code § 19.2-74(A)(2) contemplates a custodial situation equivalent to an actual custodial arrest. Under that statute, a suspect is detained, or in the custody of the police officer, only long enough for the officer to take down the name and address of the person and issue a summons. One of the reasons that the Knowles Court did not extend the Robinson “bright-line rule” to a “search incident to citation” was because the duration of the encounter between a police officer and a defendant is “relatively brief’ when the officer issues a citation. Thus, the threat to officer safety is less.
Id. at 596, 522 S.E.2d at 860; see also West v. Commonwealth, 36 Va.App. 237, 549 S.E.2d 605 (2001); Rhodes v. Commonwealth, 29 Va.App. 641, 513 S.E.2d 904 (1999) (en banc).
The United States Supreme Court subsequently revisited Knowles, holding in Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S.Ct. 1536, 1557, 149 L.Ed.2d 549 (2001), that an officer effecting a custodial arrest for a misdemeanor traffic offense may search the arrestee without violating the Fourth Amendment. However, we noted in West that the Court in Atwater reached this conclusion in the context of a state statute that expressly authorized a custodial arrest in such circumstances and gave the officer the discretion to issue a summons in lieu of effecting an arrest. West, 36 Va.App. at *73 242 n. 2, 549 S.E.2d at 607 n. 2. Because the statute at issue in Atwater was significantly different from Virginia’s, we held in West that the ruling in Atwater “does not apply in this case.” Id. We then applied Knowles to hold unconstitutional the search of West conducted while he was handcuffed and under arrest for a citation-only offense. Id. at 240-42, 549 S.E.2d at 606-07. Thus, we concluded in West that the holding in Atwater had no effect on the holding of Knowles that an officer who conducts a search pursuant to issuance of a summons violates the Fourth Amendment. See id.
The majority’s holding here, in essence, overrules the interpretation of Atwater we made in West. Of course, the Court sitting en banc has the authority to overrule a panel decision, but I believe its legal basis for doing so is constitutionally unsound because Atwater did not address the impact of the Fourth Amendment on a search incident to a custodial arrest for a misdemeanor offense effected in violation of a state statute authorizing only the issuance of a summons.
Here, rather than searching pursuant to issuance of a summons — a clear violation of the Fourth Amendment — as in Knowles and West, the detectives effected a full custodial arrest of Moore and searched him pursuant to that arrest. We all agree that arrest violated Code § 19.2-74 but disagree as to the ramifications of that violation. I agree with the majority that, ordinarily, a statutory violation does not require the suppression of evidence obtained as a result of that violation “ ‘absent an express statutory provision for suppression.’ ” Janis v. Commonwealth, 22 Va.App. 646, 651, 472 S.E.2d 649, 652 (quoting Troncoso v. Commonwealth, 12 Va. App. 942, 944, 407 S.E.2d 349, 350 (1991)), affd an reh’g en banc, 23 Va.App. 696, 479 S.E.2d 534 (1996). However, in light of the Supreme Court’s declaration in Knowles that the Fourth Amendment does not permit a search incident to issuance of a citation, I would conclude that a search conducted pursuant to a custodial arrest that violates Code § 19.2-74 constitutes, in effect, a search incident to issuance of a citation in violation of the Fourth Amendment. Knowles holds that if an officer, exercising his discretion as permitted by statute, *74 chooses only to issue a citation rather than to effect a full arrest, a search incident to issuance of that citation is unconstitutional. I see no reason to reach a different result when it is the legislature that has concluded that, absent additional facts, only a citation should be issued for a particular offense.[11]
Although Knowles did not expressly address this scenario, neither Knowles nor Atwater precludes this approach, and I would hold that exclusion, under the facts of Moore’s case, is a logical and necessary extension of the decision in Knowles. The Virginia Supreme Court intimated as much in Lovelace when it observed “The fact that the officers could have issued only a summons for the alcohol-related offense [under the relevant state statute] also negates the Commonwealth’s argument that the existence of probable cause to charge Lovelace with drinking an alcoholic beverage in public allowed [Deputy] Womack to search him.” 258 Va. at 596, 522 S.E.2d at 860. Where a statute authorizes only the issuance of a citation for certain minor offenses, pursuant to which a full search would be unconstitutional under Knowles, to hold admissible the fruits of a search, conducted by an officer who effects a full custodial arrest under circumstances clearly not permitted by statute, would yield undesirable results and would be fraught with the potential for abuse. Any officer so desiring could intentionally effect a full custodial arrest contrary to clearly established state law in order to avoid running afoul of Knowles, thereby placing the search beyond the reach of the Fourth Amendment’s exclusionary rule. Cf. Crosby v. Commonwealth, 6 Va.App. 193, 200-01 & n. 9, 367 S.E.2d 730, 735 & n. 9 (1988) (holding existence of probable cause and exigent circumstances may justify warrantless entry of residence so long as police are “not ... responsible for creating their own exigencies”).
Under appropriate circumstances, the good faith exception to the exclusionary rule permits the admission of evidence *75 obtained by an officer mistaken about the law. See, e.g., United States v. Gould, 326 F.3d 651, 659-60 (5th Cir.2003). However, the burden rests on the government to prove good faith. See, e.g., United States v. Brunette, 256 F.3d 14,17 (1st Cir.2001). Here, the Commonwealth made no argument that the arresting officers misperceived the law. Further,
the exception is not devised for the unlawful conduct of all officers who mean well. The good faith belief must be grounded in objective reasonableness. The mistake of an operative fact or an error of technical nature may not bar admission of evidence. [Circumstances are different where the mistake is] on a basic point of established law. To extend the exception so far as to allow evidence of a clearly unlawful warrantless search ... would put too great a premium on ignorance of the law and would virtually terminate the exclusionary rule.
United States v. Whaley, 781 F.2d 417, 421 (5th Cir.1986) (citations omitted) (emphases added). When Detectives Anthony and McAndrew encountered Moore on February 20, 2003, both the relevant provisions of Code § 19.2-74 and the Supreme Court’s 1998 holding in Knowles were established law, and the detectives’ misapplication of that law was not objectively reasonable.
Applying these principles to the facts of this case, I would hold the search was unconstitutional because the Code made clear that, absent additional facts, the detectives were required to issue Moore a summons for the misdemeanor offense of driving on a suspended license. See Code § 19.2-74; Code § 46.2-301 (providing that driving while one’s license is suspended is a Class 1 misdemeanor). Moore’s arrest violated Code § 19.2-74, and the evidence obtained as a result of the search, which was, in effect, conducted pursuant to issuance of a citation, should have been suppressed pursuant to Knowles as fruit of the poisonous tree. See Wong Sun v. United States, 371 U.S. 471, 485-86, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963). For these reasons, I would reverse and dismiss the indictment, and I respectfully dissent.

. The Court recognized in Atwater that "[i]t is ... easier to devise a minor-offense limitation by statute than to derive one through the Constitution____” 532 U.S. at 352, 121 S.Ct. at 1556.