**UNITED STATES of America**

v.

**Leonard Andre HUDSON, Defendant.**

**No. 1:07CR00016.**

United States District Court,
W.D. Virginia,
Abingdon Division.

July 25, 2007.

Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, VA, for United States.

Anthony F. Anderson, Anderson & Friedman, Roanoke, VA, for Defendant.

## OPINION AND ORDER

JONES, Chief Judge.

The question presented in this criminal case is whether evidence obtained as a result of the arrest of the defendant for a traffic offense and a search of his vehicle incident to that arrest should be suppressed under the Fourth Amendment. I hold that both the arrest and search were constitutionally valid and all evidence seized as a result may be presented against the defendant at trial.[1]

### I

The defendant is charged with drug trafficking and firearms offenses. He filed a Motion to Suppress Evidence, seeking the exclusion of all evidence obtained as a result of his arrest and the search of his vehicle. An evidentiary hearing was held on the motion, at which the government presented the testimony of the arresting officer. This evidence was uncontested, and showed as follows.

On the afternoon of December 4, 2006, Wythe County, Virginia, Deputy Sheriff Adam Williams, on radar patrol on Interstate 77, stopped the defendant, Leonard Andre Hudson, for speeding. Hudson was driving a 2006 Ford Expedition traveling north bound on the interstate. He was detected driving eighty-one miles per hour in a sixty-five zone.[2] After Deputy Williams activated the lights on his patrol car, the defendant promptly pulled over to the side of the road. When asked by Deputy Williams for his driver license, the defendant claimed he did not have one with him. He informed the officer that his name was Steven Orlando Hudson and gave a date of birth. He also provided a car rental agreement to the officer in the name of Steven Orlando Hudson. He said

he was traveling from Greensboro, North Carolina, towards Princeton, West Virginia. The defendant claimed that his brother was in the process of moving from Greensboro and that the vehicle he was driving had been rented by his brother for the purpose of moving.

Deputy Williams then returned to his patrol car to check the name and date of birth provided by the defendant to see if such a person was on file with the Division of Motor Vehicles. The name was not on file. After so advising the defendant, the officer requested any other form of identification that the defendant might have in order to verify his identity. The defendant then produced a social security card bearing a different name than he had previously provided. When asked about this discrepancy, the defendant informed the officer that the social security card actually belonged to his brother and that he was holding it while his brother was in the process of moving. The officer then checked the name on the social security card and did not find it on file in Virginia, North Carolina, or West Virginia. While attempting to ascertain the defendant's identity, two other officers arrived at the scene to assist Deputy Williams.

Deputy Williams testified that after concluding that it would not be possible to determine the defendant's true identity at the scene and that the defendant would likely not comply with a summons if one were issued to him, he decided it was necessary to place the defendant under arrest.

Following the arrest, Deputy Williams undertook an inventory search of the vehicle to log all personal items before it was towed and impounded. In the back seat of the vehicle, Deputy Williams located

---

1. This Opinion elaborates on an oral opinion.

2. Under Virginia law, regardless of the posted speed limit, driving in excess of eighty miles per hour is considered reckless driving, a Class One misdemeanor. *See* Va.Code Ann. § 46.2–862 (2002).

two duffle bags that were zipped shut along with plastic shopping bags with clothing inside. Deputy Williams testified that it was a routine practice during the course of inventory searches to open and search containers in order to make note of the contents for inventory records. Upon unzipping the duffle bags, Deputy Williams discovered a Mason jar containing green leaves that appeared to be marijuana and plastic sandwich bags filled with OxyContin and Tylox pills. After finding the drugs, the officer continued the search. The duffle bags were then taken to the police station and upon further search a pistol and methadone were found inside.

## II

The defendant first argues that his arrest was unlawful under Virginia law and that accordingly the arrest and the search incident to that arrest violated the Fourth Amendment. The defendant maintains that any arrest effectuated in violation of state law is a per se violation of the Fourth Amendment, and that under the circumstances, the officer's arrest of the defendant for reckless driving was invalid under Virginia law.

■ Virginia law provides that a police officer may only issue a summons to an individual who has committed a Class One misdemeanor, such as reckless driving, and that after the issuance of such a summons the officer must release the individual from custody. *See* Va.Code Ann. § 19.2–74 (2004). However, "if any person is believed by the arresting officer to be likely to disregard a summons issued," the officer may effectuate an arrest without a warrant. *Id.* An officer need not release an individual if the officer has "a reasonable belief that the person arrested will fail to appear in court on his or her promise or fails to discontinue the unlawful act." *West v. Commonwealth,* 36 Va.App. 237, 549 S.E.2d 605, 606 (2001).

■ When an officer decides not to release an individual from temporary custody and to effectuate an arrest according to one of the enumerated statutory exceptions, "the standard for determining satisfaction of the statute is objective, whether evidence supports a reasonable belief that the statutory circumstances obtain." *Fox v. Commonwealth,* 43 Va.App. 446, 598 S.E.2d 770, 771 (2004).

■ I find that the objective evidence supported Deputy Williams' belief that the defendant would have failed to appear in court. First, the defendant was unable to produce a driver license when requested to do so by the officer. He also provided the officer the name Steven Orlando Hudson, a car rental agreement in the same name, and a date of birth. A records search by the officer found no such person listed as a licensed driver. When pressed for some form of identification to assist in determining his identity, he provided a social security card with a name different from the one provided earlier. In an attempt to explain this variance, he claimed the social security card actually belonged to his brother and that he was holding it for him. The officer again searched the name on the social security card and found no such person listed as a licensed driver in Virginia, North Carolina, or West Virginia.

Considering that the defendant had provided two names to the officer and that neither name was found on record as a licensed driver, the officer had no confirmation that the defendant was the person he purported to be. Under the circumstances, it was not unreasonable for the officer to conclude that the defendant was attempting to hide his identity. Without some corroboration of the defendant's identity, it was reasonable for the officer to believe that the defendant was unlikely to comply with the summons, even if he were to promise to do so.

■ Because I conclude that the arrest did not violate Virginia law, it is unnecessary for me to decide whether an arrest incident to probable cause may violate the Fourth Amendment. However, even assuming that the officer's belief was unreasonable under the circumstances and that the arrest violated Virginia law, an arrest made in violation of state law does not necessarily violate the Fourth Amendment. The Supreme Court has not specifically addressed whether the Fourth Amendment requires evidence obtained incident to an arrest that is based upon probable cause to be suppressed where such an arrest violates a provision of state law.

The defendant points to the recently decided case of *Moore v. Commonwealth*, 272 Va. 717, 636 S.E.2d 395 (2006), *petition for cert. filed*, No. 06–1082, 2007 WL 321210 (U.S. Feb.1, 2007), in arguing that any arrest made in violation of Virginia law is also a violation of the Fourth Amendment. In *Moore*, two police officers responded to a radio message that a motorist in the area in which they were patrolling was driving on a suspended license. After stopping the motorist, the officers determined that he was in fact driving on a suspended license, a Class One misdemeanor. Instead of issuing the motorist a summons, as required by Virginia law, they immediately placed him under arrest. Upon searching him, some fifteen minutes after placing him under arrest, they discovered sixteen grams of crack cocaine in his pocket. The *Moore* court held that this evidence must be suppressed under the Fourth Amendment because a full custodial arrest of a motorist driving on a suspended license is unauthorized by Virginia law.

However, *Moore* is at odds with the law of this circuit. *See United States v. Van Metre*, 150 F.3d 339, 347 (4th Cir.1998) (holding that district court did not err in denying motion to suppress evidence based on arrest arguably in violation of state law, because that "the arrest may or may not have been conducted in accordance with [ ] state law is irrelevant."). In fact, it stands in opposition to a majority of state supreme courts that have addressed the issue, *see People v. McKay*, 27 Cal.4th 601, 117 Cal.Rptr.2d 236, 41 P.3d 59, 65–72 (2002); *State v. Droste*, 83 Ohio St.3d 36, 697 N.E.2d 620, 623 (1998); *Commonwealth v. Lyons*, 397 Mass. 644, 492 N.E.2d 1142, 1144–46 (1986); *People v. Hamilton*, 666 P.2d 152, 156–57 (Colo. 1983); *State v. Eubanks*, 283 N.C. 556, 196 S.E.2d 706, 709 (1973), and is also contrary to a majority of federal circuits, *see United States v. Bell*, 54 F.3d 502, 504 (8th Cir. 1995); *United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir.1994); *United States v. Walker*, 960 F.2d 409, 415–17 (5th Cir. 1992); *United States v. Miller*, 452 F.2d 731, 733 (10th Cir.1971). *But see United States v. Mota*, 982 F.2d 1384, 1387 (9th Cir.1993). Irrespective of the *Moore* court's reasoning, the arrest in this case did not require suppression under the Fourth Amendment.[3]

**3.** If the Virginia Supreme Court and defendant are correct, then the intricacies of each state's laws governing arrest procedures must receive constitutional status and be incorporated into the Fourth Amendment. Under this view, probable cause is only one factor in determining the constitutionality of an arrest and not the sole standard. An arrest based on probable cause made in one state may well be constitutional while an arrest effectuated under the same circumstances in another state may be unconstitutional. Regardless of the parameters of the Fourth Amendment, it is unlikely that its protections are so pliable as to mean one thing in Virginia and another in California. *See Moore*, 636 S.E.2d at 398–99; *cf. McKay*, 117 Cal. Rptr.2d 236, 41 P.3d at 65–72. If a state wishes to provide protections against arrests made in violation of their laws, the logical and practical remedy is to adopt their own

776

The defendant next argues that the inventory search conducted incident to his arrest was so intrusive as to violate the Fourth Amendment. In particular, the defendant contends that the officer was required to obtain a warrant before searching the duffle bags located in the backseat of the vehicle. Accordingly, he maintains that the drugs found in those bags must be suppressed. I disagree.

 Under the Fourth Amendment, a search warrant must be obtained by police before a search may be conducted. *Maryland v. Dyson,* 527 U.S. 465, 466, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999). "[A] car's interior as a whole is . . . subject to Fourth Amendment protection from unreasonable intrusions by the police." *New York v. Class,* 475 U.S. 106, 114–15, 106 S.Ct. 960, 89 L.Ed.2d 81 (1986). Although evidence that is obtained in violation of the Fourth Amendment may be suppressed under the exclusionary rule, a warrantless search is nonetheless valid if it "falls within one of the narrow and well-delineated exceptions." *Flippo v. West Virginia,* 528 U.S. 11, 13, 120 S.Ct. 7, 145 L.Ed.2d 16 (1999).

What the Supreme Court has classified as an "inventory search" is one such exception to the warrant requirement of the Fourth Amendment. *See South Dakota v. Opperman,* 428 U.S. 364, 371, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). "An inventory search is the search of property lawfully seized and detained, in order to en-

sure that it is harmless, to secure valuable items (such as might be kept in a towed car), and to protect against false claims of loss or damage." *Whren v. United States,* 517 U.S. 806, 812 n. 1, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

 The defendant cannot contend that the police had no right to conduct an inventory search of his vehicle prior to it being towed from the scene of his lawful arrest, because "[t]he fact of a lawful arrest, standing alone, authorizes a search." *Michigan v. DeFillippo,* 443 U.S. 31, 35, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979) (citing *United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973)). Rather, it appears that the defendant contests the scope of the inventory search undertaken by police. In particular, he contends that the officer was not permitted to open and search the contents of the bags in the back seat of his vehicle until he had obtained a warrant to do so.

The Fourth Circuit has held that an inventory search of a vehicle is valid if: (1) the vehicle was in lawful custody of the police; (2) the inventory search was routine and conducted pursuant to standard police procedures; and (3) the purpose of the inventory search was to secure the car or its contents and not to gather incriminating evidence. *United States v. Brown,* 787 F.2d 929, 931–32 (4th Cir.1986); *see also Florida v. Wells,* 495 U.S. 1, 4, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990) (holding that an inventory search must be regulat-

---

exclusionary rule based on compliance with such laws and not to find such protections within the federal constitution. *See Arkansas v. Sullivan,* 532 U.S. 769, 772, 121 S.Ct. 1876, 149 L.Ed.2d 994 (2001) ("[W]hile a State is free as a matter of its own law to impose greater restrictions on police activity than those this Court holds to be necessary upon federal constitutional standards, it may not impose such greater restrictions as a matter of federal constitutional law when this Court specifically refrains from imposing

them.") (internal quotations omitted); *California v. Greenwood,* 486 U.S. 35, 43, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988) ("Individual States may surely construe their own constitutions as imposing more stringent constraints on police conduct than does the Federal Constitution. We have never intimated, however, that whether or not a search is reasonable within the meaning of the Fourth Amendment depends on the law of the particular State in which the search occurs.").

ed by "standardized criteria" or "established routine" so as not to "be a ruse for a general rummaging in order to discover incriminating evidence"); *Colorado v. Bertine*, 479 U.S. 367, 373–75, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987) (opening a closed backpack found in the backseat during inventory search of a vehicle did not exceed the limits of a warrantless inventory search where police policy required such a search and there was an absence of bad faith on part of the officer).

■ Applying these principles to the facts at hand, it is clear that the officer was permitted to search the vehicle and containers therein. After placing the defendant under arrest, the police obtained lawful custody of the defendant's vehicle. The vehicle was parked on the side of a busy interstate highway and safety concerns dictated that it be towed and impounded until the defendant was released from custody. It is clear from Deputy Williams' testimony that it is routine practice to conduct an inventory search of containers located inside a vehicle before it is towed from the scene. His testimony showed that his purpose in searching the duffle bags was not to uncover contraband, but to catalog the defendant's belongings and secure any valuables, to ensure his belongings were harmless, and to protect against false claims of loss or damage. The circumstances do not suggest that Deputy Williams only undertook the search as "a ruse for a general rummaging in order to discover incriminating evidence." *Wells*, 495 U.S. at 4, 110 S.Ct. 1632. Accordingly, the scope of the search did not violate the Fourth Amendment.

## IV

■ Finally, the defendant contends that once drugs were found in the vehicle by the officer he was then required to obtain a warrant because the nature of the search was no longer an inventory search.

However, the Supreme Court has held that "when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody." *Michigan v. Thomas*, 458 U.S. 259, 261, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982). The discovery of drugs during the inventory search created probable cause to allow the police to continue the search without a warrant. *See United States v. Johns*, 469 U.S. 478, 484, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985) ("A vehicle lawfully in police custody may be searched on the basis of probable cause to believe that it contains contraband, and there is no requirement of exigent circumstances to justify such a warrantless search."). The discovery of the drugs transformed the nature of the search from one of cataloging personal items to searching for contraband and other incriminating evidence. Accordingly, the search of the plaintiff's vehicle and the bags inside that vehicle did not offend any protections afforded by the Fourth Amendment.

## V

For the reasons stated, it is **ORDERED** that the defendant's Motion to Suppress is **DENIED**.