HUMPHREYS, Judge.
This matter comes before the Court on rehearing en banc from a divided panel opinion issued February 22, 2005. David Lee Moore (“Moore”) argues on appeal that his conviction for possession of cocaine with intent to distribute should be reversed because the trial court erred in denying his motion to suppress. Moore reasons that, because his underlying arrest for driving on a suspended license violated both Code § 19.2-74(A)(1) and the Fourth Amendment to the United States Constitution, the evidence uncovered during the search incident to that arrest must be suppressed. For the reasons that follow, we affirm his conviction.

I. Background

On appeal, we review the evidence, and all reasonable inferences deducible therefrom, in the light most favorable to the Commonwealth, the prevailing party below. Garcia v. Commonwealth, 40 Va.App. 184, 189, 578 S.E.2d 97, 99 (2003). So viewed, the evidence establishes the following.
On February 20, 2003, Detective B.J. KarpowsM overheard a conversation on his police radio between Officers McAndrew and Anthony. The officers were discussing the fact that a man nicMiamed “Chubs” was driving a car in the area. Drawing on his Miowledge that a man nicMiamed “Chubs” had just been released from a federal penitentiary and was driving on a suspended license, KarpowsM radioed the other officers and *59 told them to stop the vehicle driven by “Chubs.”[1]
Officers Anthony and McAndrew responded to Karpowski’s radio message and stopped Moore, whom Officer Anthony knew was nicknamed “Chubs.” Although Moore was not the man Detective Karpowski referred to in his radio message, Officer Anthony determined that Moore was, in fact, driving on a suspended license.
After confirming that Moore’s license was suspended, Officer Anthony arrested Moore, handcuffed him, and advised him of his Miranda rights. Officer Anthony then asked Moore if he understood his rights, and Moore acknowledged that he did. Officer Anthony also asked Moore where he was staying and if he had any narcotics on his person. Moore voluntarily told Officer Anthony that he was staying in an Econo-Lodge in Chesapeake. Moore was then taken to Officer McAndrew’s vehicle, where Moore signed a waiver of consent allowing the officers to search his hotel room.[2] Moore was then placed in Officer McAndrew’s police car. However, due to a miscommunication, neither officer conducted a search incident to arrest at that time. In fact, Officer McAndrew was “under the impression that [Moore] had been searched prior to placing him in my police vehicle.”
Once Moore was placed in the police car, the officers called animal control to pick up a dog that was riding in Moore’s vehicle.[3] After animal control arrived forty-five minutes later, *60 the officers drove to the hotel room where Moore had been staying. There, Officer McAndrew realized Moore had not been searched. The officers made a protective sweep of the hotel room, and Officer McAndrew then conducted a search of Moore incident to arrest. He recovered crack cocaine from Moore’s jacket and $516 in cash from his pants pocket. Moore was then taken back to the City of Portsmouth.
Moore moved to suppress the evidence recovered from his person on statutory and constitutional grounds, arguing the search of his person was tainted by the illegal arrest that preceded it. Specifically, Moore argued the arrest was illegal because the detectives failed to release him on a summons pursuant to Code § 19.2-74(A)(1).
When asked at the suppression hearing why Moore was arrested, Officer Anthony stated, “just our prerogative, we chose to effect an arrest.” Additionally, after the traffic stop, “narcotics were eventually recovered.” When asked why Moore was not released on a summons, Anthony replied, “Well, we were still in the middle of an investigation; the investigation was not complete yet. We were, pursuant to the traffic stop, ... also conducting a narcotics investigation.”
The trial court denied the motion to suppress, holding that the arrest neither violated the Fourth Amendment nor Virginia law permitting an officer to arrest for a misdemeanor committed in his presence. After hearing additional evidence, the trial court convicted Moore of possession of cocaine with intent to distribute, and sentenced him to five years in prison, with one year and six months suspended.
On appeal, a divided panel of this Court reversed the judgment of the trial court. See Moore v. Commonwealth, 45 Va.App. 146, 609 S.E.2d 74 (2005). We granted the Commonwealth’s petition for en banc review, stayed the mandate of the panel decision, and reinstated the appeal. Upon rehearing en *61 banc, we affirm the judgment of the trial court and reinstate Moore’s conviction.

II. Analysis

On appeal, “[t]his Court is ‘bound by the trial court’s findings of historical fact unless “plainly wrong” or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.’ ” Davis v. Commonwealth, 37 Va.App. 421, 429, 559 S.E.2d 374, 378 (2002) (quoting Neal v. Commonwealth, 27 Va.App. 233, 237, 498 S.E.2d 422, 424 (1998)). However, “whether a defendant is seized in violation of the Fourth Amendment is a question that is reviewed de novo on appeal.” Id.
Moore argues on appeal that, because the initial arrest was unauthorized by Code § 19.2-74, it was also in violation of his Fourth Amendment rights. As such, Moore contends the fruits of the subsequent search, specifically, the cocaine recovered from his person, must be suppressed. In response, the Commonwealth argues that Moore’s arrest did not violate Code § 19.2-74.[4] The Commonwealth reasons that, because Moore was the only one driving the car, and because he did not have a valid driver’s license, Moore ultimately would “fail to discontinue the unlawful act.”[5] The Commonwealth further contends that, even if the arrest was invalid, it nonetheless was constitutional and does not trigger the application of the Fourth Amendment exclusionary rule.
For the reasons that follow, we hold that, although the arrest violated the express provisions of Code § 19.2-74, the *62 arrest and resulting search did not violate Moore’s constitutional — as opposed to statutory — rights. And, because Code § 19.2-74 does not provide an exclusionary remedy, we must affirm the trial court’s denial of Moore’s motion to suppress.

A The Application of Code § 19.2-74

Code § 19.2-74 provides, in pertinent part, that Whenever any person is detained by or is in the custody of an arresting officer for any violation committed in such officer’s presence which offense is a violation of any county, city or town ordinance or of any provision of this Code punishable as a Class 1 or Class 2 misdemeanor or any other misdemeanor for which he may receive a jail sentence ... the arresting officer shall take the name and address of such person and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such summons or notice. Upon the giving by such person of his written promise to appear at such time and place, the officer shall forthwith release him from custody.
Code § 19.2-74(A)(1) (emphasis added). The statute also sets forth several exceptions to this general rule, providing that an officer may effectuate a warrantless arrest, pursuant to Code § 19.2-82, if: (1) “any such person shall fail or refuse to discontinue the unlawful act,” or (2) “if any person is believed by the arresting officer to be likely to disregard a summons ... or ... to be likely to cause harm to himself or to any other person.... ” Code § 19.2-74(A)(1).
Accordingly, Code § 19.2-74, in conjunction with Code § 19.2-82, permits an officer to conduct a warrantless custodial arrest in two types of circumstances. First, an arrest is proper if the person fails or refuses to discontinue the unlawfid act or refuses to give a written promise to appear. Id. Second, an arrest is also proper if the officer reasonably believes the person will likely disregard the summons or will likely do harm to himself or to others. Id.
In the first instance, the ability to arrest is based upon the offender’s actual conduct, not potential future conduct. Thus, *63 according to Lovelace v. Commonwealth, 258 Va. 588, 522 S.E.2d 856 (1999), only if Moore had “failed or refused to discontinue the unlawful act could the officers have effected a custodial arrest and taken the defendant before a magistrate.” Id. at 596, 522 S.E.2d at 860. In this case, Moore complied with all of the officers’ requests, including discontinuing the unlawful conduct when he stopped his vehicle. There is no evidence showing Moore failed or refused to discontinue the unlawful act. Moreover, Moore did not refuse to give a written promise to appear, as a summons was never issued.
In the second instance, an arrest may be based on a “reasonable belief’ about the offender’s future conduct. However, “although the statute refers to predictive estimation of the accused person’s future conduct, the standard for determining satisfaction of the statute is objective, whether evidence supports a reasonable belief that the statutory circumstances obtain.” Fox v. Commonwealth, 48 Va.App. 446, 450, 598 S.E.2d 770, 771 (2004). In this case, there is no evidence that Moore would disregard the summons or would be likely to cause harm to himself or to others. Moore did not argue with the officers, nor did they have any reason from past experience to believe that he would not comply with the summons. Cf. Smith v. Commonwealth, 30 Va.App. 737, 742-43, 519 S.E.2d 831, 833 (1999) (holding officers could arrest the defendant for breach of the peace when she used profane language and kicked the officers while they attempted to obtain information about her identity).
Because the record is devoid of evidence to suggest Moore failed to discontinue the unlawful act, or that the facts could render a reasonable belief that Moore would fail to comply with the summons or cause harm to himself or others, we hold that the arrest violated the express provisions of Code § 19.2-74.

B. The Application of the Fourth Amendment to the Search

Moore also argues that, because the arrest violated Code § 19.2-74, the arrest and subsequent search also violat *64 ed Ms Fourth Amendment rights. For the reasons that follow, we find that neither the arrest nor the search violated Moore’s constitutional rights.

1. The Constitutional Validity of the Arrest.

In Atwater v. City of Lago Vista, 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001), the United States Supreme Court held that, when “an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.” Id. at 354, 121 S.Ct. at 1557. “[T]he standard of probable cause ‘applies to all arrests, without the need to “balance” the interests and circumstances involved in particular situations.’ ” Id. (quoting Dunaway v. New York, 442 U.S. 200, 208, 99 S.Ct. 2248, 2254, 60 L.Ed.2d 824 (1979)).
Here, the officers had probable cause to arrest Moore for committing a misdemeanor in their presence. Specifically, Officers Anthony and McAndrew detained Moore because they had reason to believe, based on radio information received from a fellow officer, that Moore was driving on a suspended license. Although the record indicates that the officers were mistaken about the identity of the “Chubs” referred to by Detective Karpowski, the Supreme Court has held that “when the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest.” Hill v. California, 401 U.S. 797, 802, 91 S.Ct. 1106, 1110, 28 L.Ed.2d 484 (1971). Because the officers observed Moore, a.k.a. “Chubs,” driving Ms veMcle on what they had reason to believe was a suspended license, the officers had probable cause to believe that Moore was committing a crime in their presence. And, because the officers had probable cause that Moore committed a criminal offense, Ms arrest did not violate the Fourth Amendment. See Atwater, 532 U.S. at 354, 121 S.Ct. at 1557.
*65 Moore argues, however, that Atwater does not apply in this case, claiming Atwater dealt with a Texas statute specifically authorizing an arrest for violation of that statute. Moore cites West v. Commonwealth, 36 Va.App. 237, 549 S.E.2d 605 (2001), to support this contention.[6] However, West is distinguishable because the search at issue in that case took place when the defendant was in the process of being released on a summons and thus was no longer under arrest such as would justify a search incident to arrest. Crucial to our analysis is the fact that the Supreme Court’s holding in Atwater — that an arrest based on probable cause does not violate the Constitution— was not contingent upon the construction of the particular Texas statute. In fact, “[h]ad the court intended to condition the constitutionality of an arrest on state law, it had ample opportunity to say so____” People v. McKay, 27 Cal.4th 601, 117 Cal.Rptr.2d 236, 41 P.3d 59, 68 (2002).[7] Moreover, the “ ‘Supreme Court has never taken the position that an arrest *66 made on probable cause violates the Fourth Amendment merely because a taking of [a suspect into] custody was deemed unnecessary (as a matter of state law or otherwise).’ ” Id. at 236, 41 P.3d at 66 n. 4 (quoting 1 LaFave, Search and Seizure § 1.5(b), p. 141 (3d ed.1996)) (emphasis in original).
Moore also contends the officers did not have probable cause to arrest him “because there can be no probable cause to arrest where arrest is contrary to the controlling statute.” For the reasons identified above, the issue of probable cause is determined separate and apart from whether an arrest violates a state statute. Accordingly, because the officers had probable cause to arrest Moore for committing a misdemeanor in their presence, the arrest — although unauthorized by Code § 19.2-74 — did not violate the Fourth Amendment.

2. The Constitutional Validity of the Search.

In United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), the United States Supreme Court held that a search incident to an arrest that is based upon probable cause complies with the Fourth Amendment and, thus, “requires no additional justification.” Id. at 235, 94 S.Ct. at 477. As noted by the Robinson Court,
[t]he authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and ... in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a “reasonable” search under that Amendment.
Id.; see also New York v. Belton, 453 U.S. 454, 461, 101 S.Ct. 2860, 2864-65, 69 L.Ed.2d 768 (1981). Because, as discussed *67 above, Moore’s arrest was based upon probable cause, the search incident to that arrest did not violate the Fourth Amendment. Moore argues, however, that, because the initial arrest was “unlawful,” Robinson does not apply. Moore reasons that the Virginia Supreme Court’s decision in Lovelace mandates a finding that the search subsequent to the arrest violated his Fourth Amendment rights. We disagree.
In Lovelace, a police officer detained the defendant for a misdemeanor and searched him. The officer “did not actually arrest [the defendant] until after he retrieved the [drugs] from the defendant’s pocket.” Lovelace, 258 Va. at 592, 522 S.E.2d at 857. Applying Code § 19.2-74 and the Knowles holding— specifically, that a search conducted incident to a citation violates the Fourth Amendment — the Supreme Court of Virginia held an “arrest” that is effected by issuing a citation or summons rather than taking the suspect into custody does not, by itself, justify a full field-type search.[8]
Moore’s reliance upon Lovelace, however, is without merit. Although Lovelace may, at first glance, seem to be dispositive of the issue before this Court, further analysis indicates otherwise. In determining that the search was a violation of the defendant’s Fourth Amendment rights, the Supreme Court of Virginia held that the citation requirement negated the Commonwealth’s argument that probable cause to arrest justified the search. Id. at 595, 522 S.E.2d at 860. The *68 Lovelace Court stated that the bright-line rule regarding a search incident to arrest, as set forth in Robinson, did not apply because the detention contemplated in Lovelace was similar in nature and duration to a traffic stop. In other words, in Lovelace, the officers did not intend to arrest the defendant at the onset of the encounter. Rather, the detention was similar to a stop and frisk, and the defendant was arrested only after an illegal pat down revealed a bag of crack cocaine. The officer admitted that he retrieved the bag from the defendant’s pocket even though “the object ... did not feel like a gun, he did not know what was in the bag, and [ ] he did not have a search warrant.” Id. at 591, 522 S.E.2d at 857.
In contrast, the facts of this case indicate the officers intended to effect a custodial arrest from the time they detained Moore. They placed him under arrest, read him his Miranda rights, and obtained a written consent to search his hotel, all within fifteen minutes of the initial stop. Thus, Lovelace is not controlling, and the bright-line rule announced in Robinson applies. That is, because the arrest was based on probable cause, and because the search was conducted incidental to that arrest, the search did not violate the Fourth Amendment.[9]

C. The Application of the Exclusionary Rule.

Lastly, Moore argues that exclusion of the evidence should be the remedy for the cocaine seized during the search subsequent to the unlawful arrest. The Commonwealth ar *69 gues that the exclusion of evidence is not a proper remedy unless the statute so provides. For the reasons that follow, we hold that, even though the arrest violated Code § 19.2-74, the exclusionary rule does not apply.
As we stated in Troncoso v. Commonwealth, 12 Va.App. 942, 407 S.E.2d 349 (1991), “[historically, searches or seizures made contrary to provisions contained in Virginia statutes provide no right of suppression unless the statute supplies that right.” Id. at 944, 407 S.E.2d at 350 (citing Commonwealth v. Brown, 8 Va.App. 41, 44, 378 S.E.2d 623, 624 (1989) (Baker, J., concurring)); see also Horne v. Commonwealth, 230 Va. 512, 518-19, 339 S.E.2d 186, 191 (1986); Hart v. Commonwealth, 221 Va. 283, 287 n. *, 269 S.E.2d 806, 809 n. * (1980). The Supreme Court of Virginia “has steadfastly refused to extend [the rule set forth in Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914),] to encompass evidence seized pursuant to statutory violations, absent an express statutory provision for suppression.[10] Troncoso, 12 Va.App. at 944, 407 S.E.2d at 350; see also Hall v. Commonwealth, 138 Va. 727, 733-34, 121 S.E. 154, 156 (1924); Thompson v. Commonwealth, 10 Va.App. 117, 122, 390 S.E.2d 198, 201 (1990).
In the present case, the arrest did not violate Moore’s Fourth Amendment rights, which would have triggered the exclusionary rule. Rather, the arrest violated a state statute that does not provide for the exclusion of evidence retrieved from a search subsequent to that arrest. Because the statute does not provide the exclusionary remedy, we may not supply one judicially. Accordingly, we hold that no exclusionary rule applies, and, thus, the trial court did not err in denying Moore’s motion to suppress.

*70
III. Conclusion

For the foregoing reasons, we uphold the trial court’s denial of the motion to suppress and affirm Moore’s conviction for possession of cocaine with intent to distribute.

Affirmed.

. Detective Karpowski had checked the driver’s license of a man named "Chubs” the week before, and had determined he was driving on a suspended license. However, the man Karpowski knew to be nicknamed "Chubs” was a man named Christopher Delbridge, not David Moore.

. Officer Anthony testified this all happened "approximately fifteen minutes after we had him stopped.”

. The officers believed the dog was a pit bull, and it was "very upset with [the detectives’ presence]” and "big enough” that the officers "did not want to get too close to it.” The Commonwealth argues on brief that the dog's presence was a factor in the officers’ determination that Moore would be unable to discontinue the unlawful act of driving on a suspended license. The Commonwealth’s contention is without merit *60 because Moore's arrest was in violation of Code § 19.2-74(A)(1), and it did not fall into any of the exceptions allowing the officers to effectuate such an arrest. See Part 11(A), infra.

. Neither Moore nor the Commonwealth disputes that there was a custodial arrest. The only contention is the validity of that arrest under both the Code of Virginia and the United States Constitution.

. In its brief, the Commonwealth did not address whether the officers had probable cause to arrest Moore, and Moore concedes the existence of probable cause that an offense under the laws of the Commonwealth was committed. The Commonwealth only argues that the officers did not violate the statute by arresting him. The Commonwealth contends the arrest was in accordance with one of the three exceptions as listed in the statute to the citation requirement.

. In West, the trial court denied a motion to suppress the evidence obtained as a result of a search. West, 36 Va.App. at 238, 549 S.E.2d at 605. This Court reversed, finding the search was in violation of the defendant’s Fourth Amendment rights. Id. The officer, operating under "the preference for the issuance of a summons,” began to write a summons for failing to signal a turn. Id. at 241, 549 S.E.2d at 607. The officer then noticed a bulge in defendant’s shoe, searched him, retrieved cocaine, and arrested him. Id. At the time of the search, defendant had been placed under "arrest” for the sole purpose of writing a citation. Before spotting the bulge in the defendant’s shoe, the officer had decided to issue the summons rather than arrest defendant because he had no "indication [defendant] would not appear or that he was a threat to himself or others.” Id. This Court found the officer conducted a search incident to a citation, which violates the Fourth Amendment. See Knowles v. Iowa, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998).

. The Atwater Court rejected the argument that there should be a new rule of constitutional law forbidding custodial arrest, even on probable cause, for minor offenses which ultimately carry no jail time and for which the government can show no compelling need for immediate detention. Atwater, 532 U.S. at 345-50, 121 S.Ct. at 1552-55. In order to address the concerns that may arise when officers arrest for minor crimes or misdemeanors, the Atwater Court recognizes that many jurisdictions have chosen to impose more restrictive safeguards through statutes limiting warrantless arrests for such offenses. Id. at 352, 121 S.Ct. at 1556.

. The Supreme Court of Virginia also recognized that Code § 19.2-74(A)(2) did not contemplate a custodial situation equivalent to an actual custodial arrest. Lovelace, 258 Va. at 596, 522 S.E.2d at 858; see also Rhodes v. Commonwealth, 29 Va.App. 641, 513 S.E.2d 904 (1999) (applying Knowles). However, in this case, the officers did effectuate a custodial arrest in violation of the statute. This presents two problems. First, the Supreme Court of the United States has never addressed this particular situation and determined that an arrest in violation of a state law is also a violation of the federal Constitution. Second, the legislature did not contemplate this situation, where Moore suggests that “an officer ... tum[s] a citation offense into an arrest offense, and thereby insulate[s] the search from judicial review.” However, if the legislature did consider this particular circumstance, they decided not to provide the remedy of excluding evidence obtained after that arrest.

. The dissent would hold that Knowles controls the outcome of this appeal, correctly noting that Knowles prohibits a search incident to a citation. However, the reasoning of the dissent fails to consider the underlying rationale for the United States Supreme Court's decision in Knowles. When read against its decision in Robinson, as noted above, Knowles simply stands for the proposition that the constitutional rationale justifying a search incident to arrest evaporates when a suspect is either no longer under arrest, as was the case in Knowles, or never under arrest, as was the case in Lovelace. Neither is the case here. However statutorily infirm Moore’s custody status was, probable cause unquestionably existed that Moore had committed a criminal offense under the laws of the Commonwealth. We thus reiterate that, on these facts, Robinson and Atwater control the outcome of this appeal.

. In Weeks, the Supreme Court held that evidence obtained in violation of constitutional proscriptions against unreasonable searches and seizures may not be used against the accused. This rule was also made applicable to the states through Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).