COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge Clements and Senior Judge Annunziata
Argued by teleconference

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.        Record No. 0882-07-1                 JUDGE JEAN HARRISON CLEMENTS
                                               SEPTEMBER 28, 2007

ROBERT C. COLLINS, S/K/A
  ROBERT LEONARD COLLINS


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Westbrook J. Parker, Judge

Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
Attorney General; Leah A. Darron, Senior Assistant Attorney
General, on brief), for appellant.

Barrett R. Richardson (Richardson and Rosenberg, LLC, on brief),
for appellee.


        Robert C. Collins stands indicted for possessing a concealed weapon as a violent felon, in

violation of Code § 18.2-308.2.  Pursuant to Code § 19.2-398, the Commonwealth appeals a pretrial

ruling granting Collins's motion to suppress the weapon found on his person during a search by

police.  The Commonwealth contends the trial court erred by concluding the weapon should be

suppressed, as a matter of law, pursuant to Moore v. Commonwealth, 272 Va. 717, 636 S.E.2d 395

(2006), cert. granted, ___U.S.___ (Sept. 25, 2007) (No. 06-1082).  For the reasons that follow, we

reverse the trial court's suppression of the weapon.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

On July 31, 2006, at approximately 12:15 a.m., Suffolk Police Officer B. Oliver observed Collins operating a bicycle in an "erratic manner" and without a helmet, bicycle light, or registration. After Collins dismounted his bicycle in front of a residence, Officer Oliver exited his vehicle and, from a distance twenty feet away, asked Collins, "Can I holler at you a minute?" Collins responded by walking towards Oliver. Oliver "may have" shined a flashlight on Collins. When the officer asked his name, Collins identified himself as Robert Collins and, without being asked, handed Oliver an "old and faded" New York photo identification card. A backup officer, who had been "around the corner," then arrived on the scene.

Officer Oliver did not cite Collins for any violations regarding his operation of the bicycle. After discussing the erratic operation of the bicycle with Collins and advising him that he needed a helmet, light, and registration, Officer Oliver radioed for a warrant check on Collins. That check, which occurred "one or two minutes" after Oliver received the identification card from Collins, revealed that Collins had outstanding felony warrants for robbery and firearm charges. After discovering the outstanding warrants, Oliver conducted a pat-down search of Collins and found a "t-handle knife" in a holster strapped to Collins's belt. Collins was charged with carrying a concealed weapon after having been convicted of a felony. That charge was subsequently amended to possession of a concealed weapon by a violent convicted felon.

Collins moved to suppress the knife. After conducting a hearing, the trial court granted Collins's motion to suppress the knife, holding that the encounter between Officer Oliver and Collins was not consensual and that the knife should be suppressed pursuant to the decision in Moore.

This appeal by the Commonwealth followed.

## II. ANALYSIS

On appeal, the Commonwealth contends the trial court erred in concluding the encounter between Officer Oliver and Collins was not consensual and that the knife should be suppressed pursuant to Moore. Rather, the Commonwealth argues, this case is controlled by the decisions in McCain v. Commonwealth, 261 Va. 483, 545 S.E.2d 541 (2001), and McLellan v. Commonwealth, 37 Va. App. 144, 554 S.E.2d 699 (2001). We agree with the Commonwealth.

In reviewing a trial court's ruling on a motion to suppress, we view the evidence, and all reasonable inferences fairly deducible therefrom, in the light most favorable to the party prevailing below, Collins in this case. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[T]he question whether a person has been seized in violation of the Fourth Amendment is reviewed *de novo* on appeal." Reittinger v. Commonwealth, 260 Va. 232, 236, 532 S.E.2d 25, 27 (2000). However, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc).

In McCain, an officer observed McCain and a passenger sitting in a parked car. 261 Va. at 487, 545 S.E.2d at 543. After illuminating the car with his vehicle's headlights and a spotlight, the officer approached the car and asked McCain for identification. Id. at 486-87, 545 S.E.2d at 543. McCain gave the officer "a valid driver's license," which the officer then used to check for outstanding warrants. Id. at 487, 545 S.E.2d at 543. Finding no outstanding warrants, the officer returned McCain's license to him. Id. McCain then consented to a search of the vehicle. Id. On appeal, McCain argued he was unlawfully seized when the officer asked for identification and checked for outstanding warrants. Id. at 489, 545 S.E.2d at 544. Our Supreme Court disagreed,

holding that the officer did not "effect[] a seizure of McCain when he requested identification from McCain and conducted a check for outstanding warrants." Id. at 490, 545 S.E.2d at 545. Instead, the Court explained, the officer merely "requested identification from McCain without any show of force or display of authority that would have led a reasonable person to believe that he was not free to leave the scene of the encounter." Id. at 491, 545 S.E.2d at 546.

Similarly, in McLellan, two officers approached McLellan, who was seated in the driver's seat of a parked car, and asked for some identification to determine if he was trespassing on the property. 37 Va. App. at 148, 554 S.E.2d at 701. After obtaining identification from McLellan, one of the officers checked to see if he had been warned against trespassing and if he had any outstanding warrants. Id. Following McLellan's furtive movements and failure to comply with the officer's directive to keep his hands on the steering wheel, the officers searched the car. Id. at 148-49, 554 S.E.2d at 701-02. McLellan argued he was unlawfully seized when the officers demanded identification. Id. at 150, 554 S.E.2d at 702. Noting that the officers, "in a public place, simply requested some identification from appellant" and that "[t]here was no show of force or display of authority that would have led a reasonable person to believe he was not free to leave," we concluded that, consistent with the Supreme Court's decision in McCain, McLellan was not "seized" within the meaning of the Fourth Amendment. Id. at 153, 155, 554 S.E.2d at 703, 704.

Here, the encounter between Officer Oliver and Collins occurred in a public place. After Collins dismounted his bicycle, Oliver merely asked if he could speak with him. Of his own accord, Collins approached the officer and, when asked his name, voluntarily provided an out-of-state identification card that was "old and faded." After briefly discussing Collins's erratic operation of the bicycle and advising him that he needed a helmet, light, and registration to operate a bicycle in Suffolk, Oliver ran a check for outstanding warrants. Only after discovering that Collins had

- 4 -

outstanding felony warrants for robbery and firearm charges did he conduct a pat-down search of Collins.

As in McCain and McLellan, there was no show of force or display of authority that would have led a reasonable person to believe that he was not free to leave the scene of the encounter. Although Officer Oliver may have shined a flashlight on Collins during the encounter, such an act was not a show of authority so intimidating as to constitute a Fourth Amendment seizure. See Baldwin v. Commonwealth, 243 Va. 191, 199, 413 S.E.2d 645, 649-50 (1992) (holding that shining a floodlight at a suspect and telling him to "come over here" did not render the initial encounter a seizure); see also McCain, 261 Va. at 486, 491, 545 S.E.2d at 543, 546 (indicating that illuminating the suspect's car with headlights and a spotlight during the initial encounter did not constitute a seizure). Nor did the fact that Officer Oliver talked to Collins about his operation of the bicycle indicate that a seizure had occurred. As Oliver testified, he simply discussed the erratic operation and advised Collins that he needed a helmet, light, and registration. He did not cite him for any infractions. The entire conversation took no more than "one or two minutes." The omission of an explicit instruction by the officer that Collins was free to leave did not render the encounter a seizure. See Harris v. Commonwealth, 266 Va. 28, 33, 581 S.E.2d 206, 210 (2003) ("The failure to affirmatively inform [the suspect] that he was free to leave does not by itself require a finding that the ensuing encounter was non-consensual."). Moreover, as the trial court expressly found, "all the talk about the bicycle had ended before" the officer used the identification card to run the warrant check. We hold, therefore, that Collins was not "seized," within the meaning of the Fourth Amendment, at the time.

We further hold that the trial court's reliance on Moore, in concluding that Officer Oliver violated Collins's Fourth Amendment rights when he retained his identification card and ran a warrant check, was misplaced. In Moore, police officers stopped Moore for a Class 1 misdemeanor

and arrested him.  Id. at 719, 636 S.E.2d at 396.  Incident to that arrest, they subsequently conducted a search of Moore's person and found cocaine in his jacket pocket.  Id.  Holding the officers were authorized pursuant to Code § 19.2-74 to only issue a summons for the misdemeanor offense and thus "could not lawfully conduct a full field-type search," the Supreme Court reversed Moore's conviction.  Id. at 725, 636 S.E.2d at 400.  In the present case, however, as previously mentioned, Officer Oliver searched Collins only after learning that Collins had outstanding felony warrants for robbery and firearm charges.  Accordingly, Moore is inapposite to this case.

Hence, we conclude the trial court erred in granting Collins's motion to suppress the knife.

### III.  CONCLUSION

For these reasons, we reverse the trial court's suppression of the evidence and remand this case for further proceedings consistent with this opinion, if the Commonwealth be so advised.

Reversed and remanded.