COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Humphreys and Millette
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0309-08-3              JUDGE LEROY F. MILLETTE, JR.
                                                           JUNE 24, 2008
GARY R. WILKINS


                    FROM THE CIRCUIT COURT OF GILES COUNTY
                                  Colin R. Gibb, Judge

              Benjamin H. Katz, Assistant Attorney General (Robert F. McDonnell,
              Attorney General, on brief), for appellant.

              Everett P. Shockley for appellee.


        The trial court granted a pretrial motion by appellee, Gary R. Wilkins (Wilkins), to

suppress evidence of Wilkins' possession or transportation of a firearm, explosives or a

concealed weapon by a convicted felon in violation of Code § 18.2-308.2.  The Commonwealth

appealed pretrial pursuant to Code § 19.2-398.  On appeal, the Commonwealth argues the trial

court erroneously found a search of Wilkins' person by Game Warden Charles Mullins (Game

Warden Mullins) was in violation of the Fourth Amendment.  Wilkins defends the trial court's

grant of his motion to suppress on the ground that Game Warden Mullins violated Wilkins'

Fourth Amendment rights by failing to release Wilkins forthwith on a summons in violation of

Code § 19.2-74.[1]  For the following reasons, we affirm the trial court's grant of Wilkins' motion

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Wilkins based this argument on Moore v. Commonwealth, 272 Va. 717, 636 S.E.2d 395
(2006), which was subsequently reversed by the United States Supreme Court in Virginia v.
Moore, ___ U.S. ___ (Apr. 23, 2008).

to suppress and remand for additional proceedings consistent with this opinion if the Commonwealth be so advised.

The parties being familiar with the record, we cite only those facts necessary to the disposition of the appeal. On November 25, 2006, Game Warden Mullins conducted a decoy deer operation in Giles County. Game Warden Mullins set out two decoys, positioning them adjacent to the roadway where headlights would illuminate them. After dark, a vehicle driven by Tim Pierce (Pierce) pulled off to the side of the road near the decoys and Pierce exited the vehicle. Pierce went to the rear of his vehicle and opened the tailgate. Wilkins, a passenger in the vehicle, said, "Don't shoot," but Pierce stated to Wilkins, "Watch it, it's going to be loud." Pierce fired one shot in the direction of the decoy deer. Observing this, Game Warden Mullins turned on a spotlight and announced his presence. Game Warden Mullins told Pierce to put the gun down and Pierce complied. Game Warden Mullins did not observe Wilkins in possession of a weapon. Wilkins remained in the vehicle until Game Warden Mullins instructed Wilkins and Pierce to stand in front of the vehicle's headlights. Game Warden Mullins then advised Wilkins and Pierce of their <u>Miranda</u> rights. <u>Miranda v. Arizona</u>, 384 U.S. 436, 469-73 (1966).

---

Wilkins further argued Game Warden Mullins lacked probable cause to arrest him for spotlighting in violation of Code § 29.1-523. Pursuant to Code § 19.2-401,

> [t]he defendant shall have no independent right of appeal pursuant to § 19.2-398. *If the Commonwealth appeals, the defendant may cross appeal from any orders from which the Commonwealth may appeal, pursuant to § 19.2-398.* The defendant shall be under no obligation to defend an appeal filed by the Commonwealth. . . . *In pretrial appeals, the defendant shall file a notice of cross appeal with the clerk of the circuit court within seven days following the notice of appeal filed by the Commonwealth. . . .*

(Emphasis added). Because Wilkins contends the trial court erred in finding probable cause, he was required to file a notice of cross appeal with the clerk of the circuit court. Counsel for Wilkins conceded at oral argument that no such notice of cross appeal was filed. We therefore decline to consider this issue on a pretrial appeal taken by the Commonwealth pursuant to Code § 19.2-398.

Approximately fifteen minutes passed, during which time Wilkins was allowed to stand in the area near the patrol vehicle while Game Warden Mullins conducted field sobriety tests on Pierce. Game Warden Mullins walked about forty feet back to Pierce's vehicle and Wilkins followed.[2] Game Warden Mullins went to the rear of Pierce's vehicle to look for the gun used by Pierce and testified that his intention was "not to enter the vehicle without consent of the owner," but simply to see how many weapons were in plain view. Wilkins explained to Game Warden Mullins that the gun was not his. Wilkins then began walking back to the patrol vehicle, and Game Warden Mullins stated to Wilkins: "Hold on for a second. Let me take a look in your pockets if you don't mind. . . . If you would, just empty your pockets right here." Then, Game Warden Mullins conducted a "patdown." After Game Warden Mullins discovered a magazine on Wilkins' person and later a handgun in Pierce's car, he placed Wilkins under arrest for possession of a firearm by a convicted felon, for having a concealed weapon, and for spotlighting.

On May 24, 2007, the trial court heard Wilkins' motion to suppress. Game Warden Mullins was the sole witness and testified that Wilkins and Pierce were very cooperative and did not attempt to flee or say anything abusive to Game Warden Mullins. The trial court held the search of Wilkins' person violated his Fourth Amendment right to be free from unreasonable searches and seizures. The court found that "[i]t was clear from the evidence and review of the transcript that [Game Warden Mullins] had resolved that [Wilkins] posed no threat to himself or others and [Game Warden Mullins] had no reason to believe [Wilkins] would fail to comply with

---

[2] At the suppression hearing, Wilkins' counsel asked Game Warden Mullins, "Now, when you went to the rear of Mr. Pierce's vehicle, had you directed [Wilkins] to go there with you?" Game Warden Mullins responded, "I do not recall. He followed me and I honestly don't know whether he followed me to the rear to – he was explaining to me that the gun didn't belong to him. I do not remember telling him to come to the rear of the vehicle. . . ." A video exhibit confirms that Game Warden Mullins did not direct Wilkins to go with him to Pierce's vehicle.

the summons [for his violation of Code § 29.1-523]." This appeal by the Commonwealth followed.

In reviewing the trial court's ruling on a motion to suppress, "'[w]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them,'" McCraken v. Commonwealth, 39 Va. App. 254, 258, 572 S.E.2d 493, 495 (2002) (*en banc*) (quoting McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*)). We view the facts, and all reasonable inferences fairly deducible therefrom, in the light most favorable to Wilkins, the party prevailing below. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

"Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts." Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 296, 291 (1977). We will uphold the trial court's suppression ruling unless it is plainly wrong or without evidence to support it. See Commonwealth v. Thomas, 23 Va. App. 598, 609, 478 S.E.2d 715, 720 (1996). The Commonwealth, as the appellant, bears the burden of showing that the trial court's ruling constituted reversible error. McGee, 25 Va. App. at 197, 487 S.E.2d at 261.

In determining whether evidence was seized in violation of the Fourth Amendment, "we must give 'deference to the factual findings of the trial court' and 'independently determine' whether those findings satisfy the requirements of the Fourth Amendment." Slayton v. Commonwealth, 41 Va. App. 101, 105, 582 S.E.2d 448, 450 (2003) (quoting Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003)). When the Fourth Amendment is implicated, the exclusionary rule operates to exclude evidence seized as a result of an illegal search or seizure. See Gilpin v. Commonwealth, 26 Va. App. 105, 112-13, 493 S.E.2d 393, 397 (1997).

At oral argument, the Commonwealth argued Game Warden Mullins searched Wilkins incident to a custodial arrest. However, at the suppression hearing, the Commonwealth argued that "[w]hat [Game Warden Mullins] was doing when he came down towards [Wilkins and Pierce] is – we have, I guess, different species of arrest. *He was not doing a full custodial arrest.* . . ." (Emphasis added).[3] Pursuant to Rule 5A:18, the Commonwealth was required to present to the trial court the argument now made on appeal.[4] See also Brown v. Commonwealth, 270 Va. 414, 422, n.2, 620 S.E.2d 760, 764, n.2 (2005). "[T]hough taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court." West Alexandria Properties, Inc. v. First Va. Mortgage & Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980). Thus, the Commonwealth is barred on appeal from arguing that Game Warden Mullins affected a custodial arrest of Wilkins. The Commonwealth's argument that the search fell under the exception for a search incident to a lawful custodial arrest must therefore fail.

In addition to the search incident to arrest exception, a police officer may perform a "patdown" upon reasonable suspicion that the suspect may be armed and dangerous. Terry v. Ohio, 392 U.S. 1 (1968). The Commonwealth's attorney waived argument on this ground when he stated at the suppression hearing that he was "not relying on Terry" and, "[y]ou know, Terry

---

[3] At the hearing on appeal, counsel for the Commonwealth acknowledged its inconsistent positions, stating, "I would have to concede that the Commonwealth did argue at the suppression hearing that [Wilkins] was not in custody."

[4] "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. The Commonwealth does not ask us to invoke the exceptions to this rule and we decline to do so *sua sponte*. See Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

doesn't really apply . . ." We therefore will not address the applicability of <u>Terry v. Ohio</u> to the facts of this case.

The Commonwealth, bound by its arguments presented to the trial court, has failed to establish that the trial court's ruling constituted reversible error. We hold Game Warden Mullins was not authorized to conduct a warrantless search of Wilkins' person and the fruits of that search were properly suppressed. For the foregoing reasons, we affirm the trial court's grant of Wilkins' motion to suppress and remand for additional proceedings consistent with this opinion if the Commonwealth be so advised.

<u>Affirmed and remanded.</u>