**UNITED STATES of America, Appellant,**

v.

**Theophilis BELL, Appellee.**

No. 94–3785.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1995.
Decided May 9, 1995.

Lester Alan Paff, Asst. U.S. Atty., Des Moines, IA, argued (Jamie D. Bowers, Sp. Asst. U.S. Atty., on the brief), for appellant.

Alfredo Parrish, Des Moines, IA, argued, for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FAGG, Circuit Judge.

The Government appeals the district court's order suppressing cocaine base seized from Theophilis Bell. Because the district court applied an incorrect legal standard in granting Bell's motion to suppress, we reverse and remand.

At 12:32 a.m. on June 22, 1994, two police officers saw Bell in Des Moines riding a bicycle without a headlight in violation of Iowa law. The officers recognized Bell as a gang member whose criminal history included convictions for drug trafficking. The officers were also aware local drug traffickers were using bicycles to transport drugs from the TNT Lounge, a nearby bar.

The officers stopped Bell and patted him down for their safety. The officers asked Bell who he was, where he was coming from, and who owned the bicycle he was riding. Bell responded he had just come from the TNT Lounge and he did not know who owned the bicycle. At that point, the officers arrested Bell for operating a bicycle without a headlight. The officers searched Bell incident to his arrest and asked him whether there was anything in his shoes. Bell said no and asked the officers whether they would like to check. Bell then took off his shoes and tried to throw away a package containing 14.8 grams of cocaine base.

■ Based on Bell's possession of the cocaine base, the Government charged Bell with violating federal drug laws. Bell filed a motion to suppress the cocaine under the Fourth Amendment. Holding Bell's arrest was unlawful under Iowa law, the district court granted the motion. The district court construed Iowa statutes as permitting the officers to issue Bell a citation for the bicycle charge, but not to arrest him. Because Iowa law did not authorize Bell's arrest for operating a bicycle without a headlight, the district court concluded the cocaine could not be validly seized incident to Bell's arrest.

■ In reviewing a district court's decision to grant or deny a motion to suppress, we review the district court's factual findings for clear error. *United States v. Maholy*, 1 F.3d 718, 720 (8th Cir.1993). "We may reverse the district court's ultimate ruling on the suppression motion, however, if the ruling reflects an erroneous view of the applicable law." *Id.*

■ Evidence obtained by a search and seizure that violates the Fourth Amendment is inadmissible in a criminal trial. This exclusionary rule only requires a federal court to exclude evidence seized in violation of the Federal Constitution, however. *United States v. Wright*, 16 F.3d 1429, 1434 (6th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2759, 129 L.Ed.2d 874 (1994). Because states may impose rules for arrests, searches, and seizures that are more restric-

tive than the Federal Constitution, state law violations do not necessarily offend the Federal Constitution. *Id.* Thus, when a federal court must decide whether to exclude evidence obtained through an arrest, search, or seizure by state officers, the appropriate inquiry is whether the arrest, search, or seizure violated the Federal Constitution, not whether the arrest, search, or seizure violated state law. *Id.* at 1437; *see United States v. Eastland,* 989 F.2d 760, 767 (5th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 246, 126 L.Ed.2d 200 *and cert. denied,* — U.S. —, 114 S.Ct. 443, 126 L.Ed.2d 377 (1993).

■ A federal court generally does not look to state statutes to assess the validity of an arrest, search, or seizure under the Fourth Amendment. *Wright,* 16 F.3d at 1433; *Maholy,* 1 F.3d at 721. Fourth Amendment analysis requires reference to state law in only a few situations. *See* 1 Wayne R. LaFave, *Search and Seizure* § 1.5, at 34 (2d ed. Supp.1994). For example, to show the reasonableness of an inventory search, the Government must show officers complied with state standardized procedures. *Id.* Nevertheless, we do not think Fourth Amendment analysis requires reference to an arrest's legality under state law. *See id.* at 35–36; *United States v. Walker,* 960 F.2d 409, 416 (5th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 443, 121 L.Ed.2d 362 (1992). An arrest by state officers is reasonable in the Fourth Amendment sense if it is based on probable cause. *See* 1 LaFave, *supra,* § 1.5, at 35–36; *Walker,* 960 F.2d at 416. Thus, the district court should not have looked to Iowa law in deciding the lawfulness of Bell's arrest.

We reverse and remand to the district court for further proceedings consistent with this opinion. On remand, the district court should evaluate the case as if federal officers had stopped Bell. *See United States v. Johnson,* 12 F.3d 827, 835 (8th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 1860, 128 L.Ed.2d 482 (1994). Besides considering whether the officers obtained the cocaine in a search incident to a lawful custodial arrest, the district court may want to consider whether Bell consented to the search.